[774 NYS2d 547]

In the Matter of CHARLES D. CONWAY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 29, 2004

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Anthony R. Wynne* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated May 20, 2003, the respondent was disbarred on consent in that jurisdiction.

On May 1, 2001, the respondent consented to a temporary suspension from the practice of law in the State of New Jersey after a random audit revealed that he had misappropriated $142,000 in trust funds belonging to the Rita and Harry Greenberger Foundation (hereinafter the Foundation). Initially, he told investigators that the $142,000 sum represented legal fees for his work on the two estates that formed the original corpus of funds for the Foundation. In February 2002 the New Jersey disciplinary authorities filed a formal complaint charging him with misappropriating over $499,000 from the Foundation, a nonprofit corporation incorporated in the State of New Jersey for charitable purposes. The respondent served as president and trustee of the Foundation. The two other trustees were an octogenarian minister and a septuagenarian retired realtor. The complaint was subsequently amended to charge that the respondent had misappropriated an additional $101,713.76 from the Foundation, bringing the total misappropriation to over $600,000. The funds were utilized by the respondent for various personal or business purposes such as purchasing the building where he maintained his law office, investing in a company in which he had a business interest, and purchasing a shore home for himself in New Jersey.

On November 24, 2003, the respondent was personally served with a notice, pursuant to Rules of this Court (22 NYCRR) § 691.3, advising him of his right, within 20 days, to file a verified statement raising any of the defenses to the imposition of reciprocal discipline found in that section and to request a hearing prior to the imposition of such discipline.

On December 24, 2003, 30 days after service of the notice, the respondent requested a 60-day extension of time to file his verified statement. His request was granted until January 16, 2004. On January 14, 2004, he requested another extension of time, which was denied.

The respondent was reciprocally disbarred in the State of Connecticut on October 22, 2003.

In view of the respondent's failure to submit a verified statement or request a hearing pursuant to 22 NYCRR 691.3 of this Court's rules, the petitioner's motion to reciprocally discipline him is granted. The respondent is disbarred in the State of New York based on the disciplinary action taken against him in the State of New Jersey.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and LUCIANO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Charles D. Conway, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Charles D. Conway, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).